NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ADAM GROSSARTH, PETITIONER, v. JACOB BECK, RESPONDENT.

Leg Injury—Petitioner in Employ of Respondent For Three Days Before the Day of Accident, But Respondent Claims the Employment Terminated That Day—Petitioner Was in the Shop at Time of Accident, But Respondent Claims Was Not Employed—Burden of Proof on Petitioner to Prove Employment.

For the petitioner, *John H. Pursel.*

For the respondent, *William C. Gebhardt.*

## SUMMARY OF TESTIMONY.

This is a case in which the petitioner, Adam Grossarth, seeks compensation for injury to his leg, which he alleges he received while in the employ of Jacob Beck, the respondent. According to his testimony he had been working for Mr. Beck, Monday, Tuesday and Wednesday preceding the Thursday on which he was hurt, and that he was working on Thursday and expected to continue throughout the day. He states that he had already fixed shoes on two horses brought to the shop, and was engaged in fixing an iron tire for a wheel of a wagon belonging to R. W. Burch when he fell and broke his leg.

The respondent contends that on Wednesday evening he paid the petitioner the nine dollars due him for the three days' work, because the petitioner said he wanted to quit in order to go home and fix his automobile. The petitioner denies that he was paid, or that he said he wanted to go home. He usually lived with the respondent when working for him. The respondent says the petitioner did not work for him on Thursday.

According to a witness, Mr. Burch, Grossarth was not at the shop, which was not yet open, when he come to have a tire fixed. He states he said nothing to Grossarth about doing any work for him, and he saw no horses at the shop that morning.

Floyd Warner testified that he arrived at the shop before it was opened, and that he got Mr. Beck to make him some iron hoops. Mr. Grossarth said he was not working. Warner states he saw no horses, nor did he see Grossarth do any work.

Lance Cowel testified that Grossarth asked him to let him ride up with him, and that Grossarth said he was not going to work that day. It seems that Cowel's home is not very distant from Grossarth's.

Mr. L. Kent states that Grossarth told him he was going up with Cowel and that he "had no business doing it," referring to his act which caused his injury. Kent also states he had no horses shod.

## OPINION.

From the foregoing I am of the opinion that Mr. Grossarth had worked for Mr. Beck the first three days of the week, and had lived with him. That on Wednesday evening he expressed a desire to return home, and that on Thursday morning he went to Beck's blacksmith shop, where he had worked, to wait until Mr. Cowel started for home, intending to ride up with him. That while so waiting Mr. Beck undertook to fix the wheel tire for Mr. Burch, whereupon Grossarth interested himself in the operation to the extent of volunteering to try to extract an old tire from a scrap heap, in doing which he slipped and fell, injuring his leg.

Whether or not this be a true picture of the situation I am unable to find that Mr. Grossarth has established that he was in the employ of Mr. Beck at the time of the accident. The burden of proof rests on the petitioner, and the evidence fails to establish his contention that a contract of hiring was in force at the time.

It is therefore on this 30th day of March, 1925, ordered that this cause be and it is hereby dismissed.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*